JONATHAN JOHNSON *vs.* BERKSHIRE MUTUAL FIRE INSURANCE COMPANY.

Mere negligence on the part of a person insured, which is the direct cause of a loss by fire, is not a defence to an action upon the policy, if he acted in good faith, and his negligence did not amount to recklessness and wilful misconduct.

CONTRACT upon a policy of insurance upon the plaintiff's barn and grain therein, issued by the defendants. A trial by jury was waived in the superior court, and the case was heard before *Ames*, J., who found the following facts:

In the afternoon of a hot day in a dry season in August 1859, during the time covered by the policy, the plaintiff and his son were unloading hay from a wagon and placing it in a shed adjoining the barn, and while so engaged were annoyed by bees whose nest was in a hollow place under the door at which they were pitching in the hay; and the plaintiff, finding that no hot water could readily be had, undertook to smoke them out by thrusting a wisp of straw into their hole and lighting it with a match. A fresh breeze was blowing at the time; the building was very old, and covered on the outside with white wood boards; the barn adjoining was full of hay, and some hay was stored in the loft of the shed. After withdrawing the wisp of straw, and while attempting to extinguish it, the fire spread with great rapidity on the outside of the shed, and destroyed the property. It was admitted that there was no fraudulent intent on the part of the plaintiff. Upon these facts, the judge found that there had been a want of ordinary care, judgment and discretion on the part of the plaintiff; that this default was the immediate and proximate cause of the fire; and that, although he acted in good faith, and the negligence and default on his part did not amount to recklessness and wilful misconduct, yet under the circumstances he was not entitled to recover.

The plaintiff alleged exceptions; and it was agreed that if the exceptions should be sustained, judgment should be entered for the plaintiff, for the amount of the policy.

*M. Wilcox*, for the plaintiff.

*J. A. Walker*, for the defendants.

MERRICK, J.  The defendants contend that the carelessness and negligence proved at the trial whereby the fire was caused, by which the barn and other property insured were destroyed, constitute a valid defence to this action.  It is admitted that there was no fraudulent intent on the part of the plaintiff in the commission of the acts from which the fire immediately resulted.  But it was found as a fact by the court, the parties having waived a trial by jury, that there had been an omission to exercise ordinary care, discretion and judgment on his part; and it was thereupon determined that, although he had acted in good faith, and his negligence and default did not amount to recklessness or wilful misconduct, he was not entitled to recover indemnity in this action for his loss.

This determination was erroneous.  It is said to have been formerly doubted whether in marine insurances underwriters were liable for losses by fire occasioned by the negligence or mismanagement of the master or mariners at sea, but that now it is the better and established doctrine that they are liable where the acts are not of a barratrous character, and that this is applicable in all cases of such loss whether occurring on land or at sea.  1 Phil. Ins. §§ 1049, 1096.  And in Angell on Ins. § 125, it is stated as an indisputable proposition, that as applied to policies against fire on land the doctrine has for a great length of time prevailed that losses occasioned by the mere fault of the insured or his servants, unaffected by fraud or design, are within the protection of the policies, and as such are recoverable from the underwriters.  In *Shaw* v. *Robberds*, 6 Ad. & El. 75, it is said by the court that the object of insurance is to guard against the negligence of servants and others; and that there is no ground of distinction between the negligence of strangers and others and that of the assured himself; and that in the absence of all fraud the particular cause of the loss is only to be looked at.  And in *Huckins* v. *People's Ins. Co.* 11 Fost. (N. H.) 238, it was distinctly held that carelessness and negligence as such cannot be held to be a defence to an action upon a

policy of insurance; that, in the absence of fraud, it is only the proximate cause of the loss that is to be considered.

The same doctrine was recognized by this court in the case of *Chandler* v. *Worcester Ins. Co.* 3 Cush. 328. It is there said that the general rule unquestionably is, that in cases of insurance against fire the carelessness and negligence of the agents and servants of the assured constitute no defence. The defendants in that case offered to show not only that the plaintiff had been guilty of negligence but also of gross misconduct. And the court in examining the case, where the facts upon which the allegation of the gross misconduct imputed to the party were not reported, expressed an opinion that it might be of such character, though not amounting to a fraudulent intent to burn the building, as to deprive the assured of his right to recover; and this for the reason assigned, that the misconduct might be such as to manifest a willingness, differing little from a fraudulent and criminal purpose to commit such an injury. But the law makes a clear distinction between even gross negligence and fraud, and although the former may be evidence tending to show *mala fides*, it is not in fact the same thing. 1 Parsons on Con. 571. *Goodman* v. *Harvey*, 4 Ad. & El. 870. In the present case, there is nothing in the facts found to show either a fraudulent intent or any willingness on the part of the plaintiff to set fire to the building. On the contrary, it is conceded that he acted in good faith. And although his conduct was very imprudent, it is obvious, as well from his purpose as from his efforts to prevent the conflagration when the fire began to kindle, that he was actuated by no improper motive. These facts show a case of mere negligence, and therefore are not sufficient to preclude him from his right to recover on the policy an indemnity for his loss. *Exceptions sustained.*